UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH D. KNIGHT,

                Plaintiff,

-against-

FORMER BRONX S.D.N.Y. U.S. ATTORNEY "*Formerly The Network*"; MARIA CALDERON; CYNTHIA L. SIMON; JENNIFER ARROYO *A.K.A. Peter Simon*; BRONX S.D.N.Y U.S. ATTORNEY D.O.D. STAFF *A.K.A. James Valentine of "The Network"*; A.F. ZIMSTER; DEE CIARE *of Bronx S.D.N.Y. "The Network,"*

                Defendants.

19-CV-4762 (LLS)

ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE UNDER 28 U.S.C. § 1651

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff sues individuals he identifies as members of the "Bronx S.D.N.Y. U.S. Attorney Staff." By order dated May 29, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff's complaint is not a model of clarity. Here is a portion of it verbatim:

> Main witnesses: Christopher [illegible] of U.S. Intelligence, who I have contacted about "the Network" of Bronx N.Y. S.D.N.Y. He said he represented "Spot Light Investigation," also N.J. Attorney General G. Gerwal about Defendants former employment of N.Y. and residency of N.J. could he investigate the fact the senator Bob Menendez of Defendants residency denies [illegible] investigation harassment from N.J. but of New York State employment U.S. Attorney that work from home with there Bronx NY S.D.N.Y. U.S. Attorney internet "the Network" contact, Agent Quinn of Department of Homeland Security who is to establish evidence of my complaint, Agent Quinn of former service U.S. Marines and Iraqi war veteran, I spoke to agent Quinn in 2017 with a 99th 10th Ave. D.E.A.

(ECF No. 2 ¶ III.) Plaintiff further states that Defendants are part of a "network" that has invaded his "privacy in a Latino plot pertaining my birthday 'Cinco de Mayo' . . . due to my reports in 1998 D.E.A. 10029 investigation of David [illegible] with Latinos and federal arrest, 2010, James Valentine of the network . . ." (*Id.* at 11.)

2

## DISCUSSION

### A. Plaintiff's Claims

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

### B. Plaintiff's Litigation History

Plaintiff has filed four other cases that the Court dismissed as frivolous and for failure to state a claim, and the Court previously warned him that further frivolous litigation could result in an order barring him from filing new civil actions in forma pauperis in this Court without the Court's leave under 28 U.S.C. § 1651. *See Knight v. Arroyo,* No. 18-CV-11030 (LLS) (S.D.N.Y. May 9, 2019); *Knight v. As "Tort Liability,"* No. 18-CV-4166 (LLS) (S.D.N.Y. Dec. 18, 2018); *Knight v. United States District Court*, No. 17-CV-0391 (TPG) (S.D.N.Y. Feb. 24, 2017); *Knight v. United States Government*, No. 17-CV-0567 (CM) (S.D.N.Y. Apr. 13, 2017).

Accordingly, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring him from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2019
         New York, New York

                                                    *Louis L. Stanton*
                                                    Louis L. Stanton
                                                    U.S.D.J.

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|