UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH D. KNIGHT,

                Plaintiff,

              -against-

FORMER BRONX S.D.N.Y. U.S. ATTORNEY "*Formerly The Network*"; MARIA CALDERON; CYNTHIA L. SIMON; JENNIFER ARROYO *A.K.A. Peter Simon*; BRONX S.D.N.Y U.S. ATTORNEY D.O.D. STAFF *A.K.A. James Valentine of "The Network"*; A.F. ZIMSTER; DEE CIARE of Bronx S.D.N.Y. "*The Network*,"

                Defendants.

19-CV-4762 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff filed this action *pro se*. On May 29, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* (IFP).The Court dismissed the action on May 31, 2019, as frivolous, noted that Plaintiff had filed four other cases that were dismissed as frivolous, and ordered him to show cause within thirty days why he should not be barred under 28 U.S.C. § 1651 from filing further actions IFP in this Court without prior permission. The Court mailed a copy of the order to Plaintiff at his address of record on June 3, 2019, but it was returned as undeliverable on June 26, 2019. Plaintiff did not respond to the May 31, 2019 order or otherwise communicate with the Court, and the Court issued a bar order on August 28, 2019. (ECF 1:19-CV-4762, 5.) The copy of the order and civil judgment mailed to Plaintiff were also returned.

    On September 18, 2019, Plaintiff filed a notice of appeal and a motion for reconsideration, both of which list a different mailing address for Plaintiff than the one on the Court's docket. (ECF No. 7-8.) These submissions do not explain why Plaintiff believes the order of dismissal and the bar order are erroneous. (ECF No. 8 at 2-3.)

**DISCUSSION**

Because Plaintiff has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on Plaintiff's motion. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Under the Federal Rules of Appellate Procedure, however, if a party (1) files a motion under Federal Rule of Civil Procedure 60(b) within 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A)(vi), and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). That is the case even if the motion is filed the same day as the notice of appeal, *see Sankara v. City of New York*, 745 F. App'x 426, 427 (2d Cir. 2018) (holding that Court of Appeals lacked jurisdiction where party simultaneously filed notice of appeal with letter that could be construed as a motion for reconsideration under Rule 60(b), Fed. R. Civ. P.), or if it is filed *after* the notice of appeal, *see* advisory committee note to 1993 amendment ("A notice filed before the filing of one of the specified motions … is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").

Plaintiff filed his motion for reconsideration within 28 days of entry of judgment and filed his notice of appeal before the Court disposed of that motion. The Court therefore has jurisdiction to address the motion.

Under Rule 60(b), Fed. R. Civ. P., a party may seek relief from a district court's order or judgment for the following reasons:

2

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Plaintiff did not receive copies of the Court's orders dated May 31, 2019, and August 28, 2019, until after the case was closed. In light of Plaintiff's *pro se* status, the Court grants Plaintiff's motion for reconsideration, vacates the August 28, 2019 order of dismissal and civil judgment, and directs the Clerk of Court to reopen this action. Within thirty days from the date of this order, Plaintiff must show cause why the dismissal order was in error, and why he should not be barred § 1651 from filing actions IFP in this Court without prior permission. Plaintiff is reminded that he must notify the Court in writing if his address changes, and that the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

Plaintiff is directed to show cause, within thirty days from the date of this order, why the Court's orders dismissing his case and imposing a filing injunction were erroneous. A declaration form is attached for Plaintiff's convenience. If Plaintiff fails to submit the declaration within the time directed, or if Plaintiff's declaration does not comply with this order, this case will be dismissed, and Plaintiff will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so. If the action is dismissed at a later date, Plaintiff may file a new notice of appeal. No summons shall issue at this time.

The Clerk of Court is directed to: (1) reopen this action and vacate the August 28, 2019 order of dismissal and civil judgment (No. 5-6); (2) update the docket to show Plaintiff's new

address, as follows: 321 East Tremont Street, Bronx, New York, 10452[1]; (3) mail a copy of this order to Plaintiff, noting service on the docket; and (4) docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   October 15, 2019
         New York, New York

                                        _____
                                            Louis L. Stanton
                                               U.S.D.J.

---

[1] Plaintiff provides an email address for the first time. Should he wish to consent to electronic notification of orders, he must fill out and sign the attached form, and return it to the Court either in person or by mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|